■ VALUTRON, N.V., on Behalf of Itself and as Successor in Interest to SOUTHPORT COMPUTERS, INC. and TOTAL INTEGRATED SYSTEMS, INC., et al., Respondents, v PENNIE & EDMONDS et al., Appellants. [658 NYS2d 620] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered September 24, 1996, which, in an action for legal malpractice, denied defendants' motion to dismiss the complaint on the grounds of res judicata, the Statute of Limitations and a prior action pending, unanimously modified, on the law and the facts, to grant the motion to the extent of staying this action pending the outcome of the prior Connecticut action in which plaintiffs may assert as counterclaims therein the causes of action they allege herein, and otherwise affirmed, without costs.

Issues of fact preclude summary determination of defendants' Statute of Limitations and res judicata defenses. However, we do find that this action should be stayed pending defendants' Connecticut action for, inter alia, fees, commenced almost a year before this action and which defendants represent is scheduled for an imminent trial. Plaintiffs' answer in the Connecticut action asserts the defense of lack of consideration, but not malpractice, because, they assert, it is not clear that their malpractice claims would be timely in Connecticut; however, it does appear that the continuous representation doctrine has been recognized in Connecticut (see, S.M.S. Textile Mills v Brown, Jacobson, Tillinghast, Lahan & King, 32 Conn App

786, 793, 631 A2d 340, 344, *certification denied* 228 Conn 903, 634 A2d 296). Plaintiffs' argument that not all the parties to both actions are identical is unpersuasive, since it is clear that the defendants named in the Connecticut action, particularly Dr. Hill, have the legal capacity to act on behalf of all the patent owners named as plaintiffs in this action. Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Colabella, JJ.